```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
                     FORT WAYNE DIVISION

JASON B. BROWN,                    )
                                   )
    Plaintiff,                     )
                                   )
vs.                                )    CAUSE NO. 1:13-CV-288
                                   )
LARRY RAY NEWTON,                  )
and TONY LENNARTZ,                 )
                                   )
    Defendant.                     )
```

OPINION AND ORDER

This matter is before the court on the complaint (DE 1) and the motion for relation-back (DE 4) filed by Jason B. Brown, a *pro se* prisoner, on October 1, 2013. For the reasons set forth below, the motion for relation-back (DE 4) is **DENIED** and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Jason B. Brown, a *pro se* prisoner, originally attempted to bring these claims by amending his complaint in *Brown v. Simmons*, 1:10-CV-304 (N.D. Ind. filed August 31, 2010). The motion to amend was denied because these claims are unrelated to the claims in that case. As a result, he filed this case. Though he did not attach any of the supporting documents that he included with his motion to amend, because they are relevant to these claims, the court has examined them. *See Brown v. Simmons*, 1:10-CV-304 (N.D. Ind. filed August 31, 2010), ECF No. 97.

Brown alleges that Tony Lennartz unlawfully arrested him on June 13 or 14, 2008. He alleges that Larry Ray Newton unlawfully detained him in the Jay County Jail after a state court judge granted his motion to suppress on August 25, 2008. After the motion to suppress was granted, the State of Indiana filed an appeal pursuant to Indiana Code 35-38-4-2(5) which authorizes appeals by the State "From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution." Brown prevailed on appeal. *State v. Brown*, 900 N.E.2d 820 (Ind. Ct. App. 2009), *transfer denied* 919 N.E.2d 551 (Ind. 2009). The criminal charges were dismissed on September 28, 2009. *Brown v. Simmons*, 1:10-CV-304 (N.D. Ind. filed August 31, 2010), ECF No. 97 at 19.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint. This case must be dismissed because it is untimely.

"Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."

*Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). "Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). Therefore, his claim against Lennartz arose in June 2008 when the arrest occurred, and the deadline for filing it expired in June 2010.

Brown says that he was being detained in September 2008, but he does not say when he was released. Because he makes no reference to being detained on these charges after they were dismissed on September 28, 2009, that is the latest date on which it can be plausibly inferred that he is alleging that he was unlawfully detained. Therefore, his claim against Newton arose (at the latest) in September 2009, and the deadline for filing it expired (at the latest) in September 2011.

Along with the complaint, Brown filed a motion asking that this case be permitted to relate back to his prior lawsuit, *Brown v. Simmons*, 1:10-CV-304 (N.D. Ind. filed August 31, 2010), so that it would be considered timely filed when he signed the complaint in that case on August 30, 2010. *Id.*, DE 1 at 1. Relation-back is permitted only in limited circumstances.

Brown is attempting to have new, unrelated claims against previously unnamed defendants relate back to a prior pleading in a different case. This does not work. Relation-back only applies when

"[a]n amendment to a pleading relates back to the . . . the original pleading . . .." Federal Rule of Civil Procedure 15(c)(1). Here, Brown is not amending his original pleading in his prior case, he is filing a new lawsuit, therefore Rule 15 does not permit relation-back.

Brown's motion to amend (signed on August 30, 2013, and filed in the prior case) was denied because these claims are not related to the ones he presented in that case. As such they could not be added because "[u]nrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). So too, because they are unrelated claims against new defendants, they cannot relate back. *See* Rule 15(c)(1) ("An amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out . . . <u>in the original pleading</u> . . ..") (emphasis added). Therefore the motion for relation-back must be denied.

Thus, the complaint in this case does not relate-back to any prior filing. It was not signed until September 17, 2013. DE 2 at 5. Therefore all of Brown's claims are untimely.

CONCLUSION

For the reasons set forth above, the motion for relation-back (DE 4) is **DENIED** and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.


DATED: October 4, 2013                /s/RUDY LOZANO, Judge
                                      United State District Court